UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tonzip Maritime Ltd., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | IN ADMIRALTY |
| Coral Energy Pte. Ltd., ) | |
| ) | |
|    Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| Glencore Ltd. ) | |
| Valero Marketing and Supply Company ) | |
| Vitol, Inc. ) | |
| Vitol Americas Corp. ) | |
| Socar Trading (North America) LLC ) | |
| Trafigura AG, ) | |
| ) | |
|    Garnishees. ) | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Tonzip Maritime Ltd. ("Tonzip") brings this action against Coral Energy Pte. Ltd., ("Coral") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of process of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because Garnishees can be found in this District and therefore Defendant's property also is located in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

4. Tonzip brings this action in support of and to secure its claims against Coral which Tonzip brought on or about January 25, 2023 in the United Kingdom (U.K.) High Court of Justice, Business and Property Courts of England and Wales, King's Bench Division, Commercial Court, Claim No. CL-2023-000031 (the "U.K. Litigation"), pursuant to the Charterparty referred to herein.  The Charterparty is controlled by English law.

## The Parties

5. Tonzip is a company organized under the laws of the Republic of Liberia and, at all relevant times, was the registered owner of the crude oil tanker vessel M/T CATALAN SEA, IMO 9577044 ("Vessel").

6. Coral is a Singapore company and chartered the Vessel.

7. Garnishees are entities with offices or agents located in this District which on information and belief as detailed below Tonzip reasonably believes hold accounts or property of and/or owing to Coral.

## Facts

8. Tonzip agreed by charter dated November 5, 2021 ("the Charterparty") to charter the Vessel to Coral for a voyage from Primorsk / Port Ust Luga, Russia to Aliaga, Turkey or another port in the Mediterranean carrying a minimum of 100,000 metric tons of oil.

9. The Charterparty set out detailed terms requiring compliance with international sanctions concerning the transport of Russian oil, including but not limited to sanctions law and regulation of the U.K. ("U.K. Sanctions Laws") and of the European Union ("E.U.")(herein, "E.U. Sanctions Laws")(collectively the "Relevant Sanctions Laws").

10. The Charterparty, including its incorporated cargo description, stated that Coral was not permitted to carry any cargo aboard the Vessel supplied by any entity owned or controlled by a person designated under the Relevant Sanctions Laws.

11. The Charterparty also did not permit Coral to issue, or Tonzip to comply with, any order concerning the Vessel which would void the insurance for the Vessel.

12. At the material times, the London Steam-Ship Owners' Mutual Insurance Association Limited ("the London Club") provided the Vessel's pollution and P&I (protection and indemnity) insurance. The London Club's Rules concerning that insurance include the following:

> There shall be no recovery by an Assured in respect of any Ship entered by him for any liability, loss, damage, cost or expense where the provision of cover or any payment in respect thereof exposes or may expose the Association or the Managers to being or becoming or to the risk of being or becoming subject to any sanction, prohibition or adverse action in any form whatsoever by any state, international organisation or other authority which sanction, prohibition or adverse action the Members' Committee in its sole discretion determines may materially affect the Association in any way whatsoever.

13. On November 16, 2021, agents on behalf of Russian Joint-stock company Neftyanaya kompaniya Neftisa ("Neftisa") or Coral provided Tonzip with three draft bills of lading providing Neftisa as the shipper of the cargo to be loaded on the Vessel at Primorsk, Russia ("the Neftisa Cargo").

14. Pursuant to the Charterparty and Coral's orders thereunder the Vessel proceeded to Primorsk, Russia for loading of cargo and gave notice of readiness there at 12:01 AM November 17, 2021.

15. November 16-17, 2021, Coral confirmed to Tonzip that Neftisa was the supplier of the Neftisa Cargo and that Coral's instructions were to load the Neftisa Cargo aboard the Vessel at Primorsk and carry it to Aliaga, Turkey.

16. U.K., E.U. and other government authorities have designated Mikail Safarbekovich Gutseriev ("Mr Gutseriev") as a person subject to the Relevant Sanctions Laws. Mr. Gutseriev in at least November, 2021 owned and/or controlled (within the meaning of the Relevant Sanctions Laws) Neftisa. Given that ownership and/or control, it was reasonable for Tonzip to conclude that Mr. Gutseriev, who was subject to the Relevant Sanctions Laws, owned and/or controlled Neftisa and/or that there was a risk that he did own and/or control Neftisa or that the authorities charged with enforcement of the Relevant Sanctions Laws would conclude that he did.

17. The Neftisa Cargo was owned and/or controlled by Neftisa and as such was for the purposes of the Relevant Sanctions Laws to be regarded as indirectly owned and/or controlled by Mr. Gutseriev, the Neftisa Cargo being exported and sold by Neftisa to Coral freight on board ("FOB") Primorsk (*eg,* being sold after loading on the Vessel in Primorsk, Russia) for money consideration pursuant to a sale contract between Neftisa and Coral dated April 12, 2021.

18. Tonzip's and the Vessel's performance of Coral's orders for loading the Vessel at Primorsk, Russia with the Neftisa Cargo would have required and/or in the ordinary course of things would have entailed at least the following, all of which would have caused cancelation or rescission of the Vessel's insurance, in breach of the Charterparty:

    a. dealing with economic resources, namely the Neftisa Cargo, owned, held and/or controlled by Neftisa and/or Mr. Gutseriev, by loading and carrying the same;

    b. making economic resources, namely the Vessel, its services and services of its crew, managers and/or insurers, available, directly or indirectly, to or for the benefit of Neftisa and/or Mr. Gutseriev;

    c. making funds, namely bills of lading, available, directly or indirectly, to or for the benefit of Neftisa and/or Mr. Gutseriev and/or dealing with the same;

d. enabling the export and sale by Neftisa of the Neftisa Cargo for money consideration and thereby indirectly making funds, namely money, available to or for the benefit of Neftisa and/or Mr. Gutseriev;

e. the shipment aboard the Vessel by Neftisa, its servants or agents, and indirectly by Mr. Gutseriev, of the Neftisa Cargo;

f. the issue by or on behalf of Tonzip and/or the Vessel of bills of lading identifying Neftisa as the shipper of the Neftisa Cargo;

g. the entry by Tonzip into bill of lading contracts of carriage with Neftisa as shipper;

h. the carriage of the Neftisa Cargo by the Vessel in E.U. territory in the territorial waters of Denmark and/or Sweden en route to Aliaga;

i. the carriage of the Neftisa Cargo by the Vessel in U.K. territory in U.K. territorial waters in the English Channel en route to Aliaga; and/or

j. a need or potential need to call at an E.U. and/or U.K. port in the course of the voyage to Aliaga for bunkers, other supplies, repairs, maintenance, refuge or other purposes.

19. Further, or in the alternative, there was at the material times reasonable cause to suspect the facts and matters referred to in the immediately previous paragraph or at the material times a risk of the facts and matters referred to, again, all grounds for cancellation or rescission of the Vessel's insurance, in breach of the Charterparty.

20. Coral's orders to load the Neftisa Cargo at Primorsk, Russia was, because of the above, a breach of the Charterparty and Tonzip therefore was entitled to and rightfully did refuse to comply with them.

21. Coral refused to provide alternative orders to the Vessel and, on November 24, 2021, purported to cancel the Charterparty. Tonzip accepted Coral's repudiatory breach of the Charterparty and terminated the Charterparty for breach.

22.     Tonzip then, on December 6, 2021, mitigated its losses by entering into a substitute Vessel charter with Clearlake Shipping Pte. Ltd. ("the Clearlake Charter").

23.     Pursuant to the Clearlake Charter, the Vessel performed a voyage from Ust-Luga to Sikka, India, where the Vessel was redelivered to Tonzip.

24.     If Coral had duly performed the Charterparty, the Vessel would have been redelivered to Tonzip in the Mediterranean, which was a more favorable location for future employment than Sikka, India.

25.     Tonzip has suffered at least the following damages because of Coral's breach of the Charterparty, all claimed in the U.K. Litigation:

    a.     Demurrage accrued prior to termination: $94,165.36

    b.     Loss of demurrage that would have been incurred if the Charterparty had been performed: $79,218.75

    c.     Freight that would have been earned if the Charterparty had been performed: $1,180,556.25

    d.     Positioning loss (Vessel worse placed for future employment after redelivery under substitute fixture entered into in reasonable mitigation of loss) $100,000

**Subtotal:  $1,438,996.61**

    e.     Less credit in respect of expenses saved and net earnings of the Vessel during the period within which the Charterparty would have been performed: ($418,892.08)

Total Damages:  **at least $1,020,104.53,** and pursuant to section 35A of the U.K. Senior Courts Act 1981, $209.61 daily interest on the outstanding amount, rate of 7.5% per annum, from the November 24, 2021 Charterparty termination date to the date of judgment.

### Specific Allegations - Garnishees

26.     Tonzip has reviewed records, including from its independent investigation, showing that Coral has made recent payments to or recently contracted with Garnishees

Glencore Ltd., Valero Marketing and Supply Company, Vitol, Inc., Vitol Americas Corp., Socar Trading (North America) LLC, and/or Trafigura AG as customers of Coral.  Tonzip therefore reasonably believes that these Garnishees owe accounts to or hold property of Coral.

### Count I – Breach of Maritime Contract

27. Tonzip incorporates the foregoing paragraphs as if fully set forth herein.

28. Coral breached the Charterparty as set out above.

29. Tonzip therefore demands security for the judgment anticipated to be entered in its favor in the U.K. Litigation, as set forth more fully below.

### Count II – Process of Maritime Attachment and Garnishment (Supplemental Rule B)

30. Tonzip incorporates the foregoing paragraphs as if fully set forth herein.

31. Tonzip seeks issuance of process of maritime attachment and garnishment so that it may obtain payment for the amounts due from Coral, securing judgment anticipated in the U.K. Litigation.

32. No security for Tonzip's claims has been posted by Coral, or anyone acting on its behalf, to date.

33. Coral cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of one or more garnishees in this District, including the Garnishees.

34. Tonzip therefore respectfully requests the Court to issue writs of maritime garnishment pursuant to Supplemental Rule B in security of the U.K. Litigation, as set out more fully below.

**Prayer for Relief**

WHEREFORE, Tonzip prays:

A. That, as Coral cannot be found within this District and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment in the amount of at least **$1,769,943.62 ($1,020,104.53** damages as set out above, plus pursuant to section 35A of the U.K. Senior Courts Act 1981, $209.61 daily interest on the outstanding amount, rate of 7.5% per annum, from the November 24, 2021 Charterparty termination date to the date of final judgment in the U.K. Litigation after final appeal, that date reasonably believed to be by or before June 30, 2026, 1669 days, **$349,839.09**) , plus attorneys' fees and costs including as provided in the Charterparty and U.K. law in the amount of at least **$400,000**)(herein, the "Security Amount"), that process providing for the attaching all tangible or intangible property, or any funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Tonzip's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

B. That upon the Security Amount being garnished that this Court stay this action pending the outcome of the U.K. Litigation and on judgment being entered for Tonzip order that judgment in the U.K. Litigation upon recognition by this Court be paid from the Security Amount;

C. That such person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve Process of Maritime Attachment and Garnishment; and

- 9 -

   D. That this Court award Tonzip such other and further relief that this Court deems just and proper.

|  |  |
|---|---|
|  | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|  |  |
|  | /s/ *Timothy Jay Houseal* |
|  | Timothy Jay Houseal (Del. Bar ID No. 2880) |
| **Of Counsel** | Rodney Square |
|  | 1000 North King Street |
| J. Stephen Simms | Wilmington, DE 19801 |
| Simms Showers LLP | (302) 571-6682 |
| 201 International Circle, Suite 230 | thouseal@ycst.com |
| Baltimore, Maryland 21030 |  |
| Telephone: (410) 783-5795 |  |
| Facsimile: (410) 510-1789 |  |
| jssimms@simmsshowers.com |  |

Counsel to Tonzip Maritime Ltd.

Dated: October 10, 2023.